UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILFORD WATSON,<br><br>            Plaintiff,<br><br>     v.<br><br>MTC FINANCIAL, INC., dba TRUSTEE CORPS, a California corporation; INDYMAC BANK, F.S.B., a Federally Chartered Savings Bank; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. 2:09-CV-01012 JAM-KJM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

Plaintiff Milton Watson ("Plaintiff") brought this action in state court against Defendants MTC Financial, Inc. ("MTC Financial"), IndyMac Bank, F.S.B. ("IndyMac"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") alleging various state and federal claims relating to a loan Plaintiff obtained in order to purchase a home in Sacramento, California. The action was removed to this Court pursuant to 28 U.S.C. § 1331. Defendants IndyMac and MERS now move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

1

relief may be granted or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants also move to expunge the Notice of Pendency of Action recorded in connection with the Complaint. For the reasons stated below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.[1]

I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 26, 2007, Plaintiff obtained a loan of $410,000 from IndyMac to purchase property located at 3335 Lerwick Road, Sacramento, California 95821 (the "Property"). Pls' Compl. 3:25-27. The loan was secured by a deed of trust ("Deed of Trust") on the Property. Pls' Compl. 2:23-24, Exh. B. Defendant MERS is the beneficiary under the Deed of Trust. Pls' Compl. 2:24-28, Exh. B.

On September 11, 2008, Plaintiff allegedly mailed a Qualified Written Request ("QWR") to Defendants pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, demanding production of the original loan note ("Original Note"). Pls' Compl. 3:27-4:2, Exh. D. Plaintiff alleges that the QWR "was ignored." Pls' Compl. 4:2-4.

On December 8, 2008, MTC Financial, acting as agent for IndyMac, recorded a Notice of Default and Election to Sell. Defs' Mot. 3:14-17. Plaintiff filed the Complaint on March 27, 2009, alleging fraud and negligence, as well as violations of Cal. Civ. Code §§ 2924 and 2923.5, Cal. Fin. Code § 4973, the Home Ownership and Equity Protection Act ("HOEPA," 15 U.S.C. § 1635), RESPA, and the Truth in Lending Act ("TILA," 15 U.S.C. § 1601). See Pls' Compl. The state court issued a temporary restraining order

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

1 enjoining a sale of the property on March 30, 2009.  Defs' Notice
2 of Removal, Exh. 3, Order on Ex Parte Application.
3     Defendants filed this Motion to Dismiss on April 28, 2009
4 ("Motion").  The Motion is unopposed.  However, pursuant to the
5 local practice of the Eastern District of California, the Court
6 must still consider the Motion to Dismiss on its merits.

## II.  OPINION

    A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss.  Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if

3

their authenticity is not disputed.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Here, Plaintiff has attached to his Complaint the Notice of Trustee's Sale, Pls' Compl. Exh. A, the Deed of Trust, Id. Exh. B, the Uniform Residential Loan Application, Id. Exh. C, Plaintiff's QWR, Id. Exh. D, and the Truth in Lending Disclosure Statement, Id. Exh. E.  Defendants have not questioned the validity of any of these documents and in fact recognize the Notice of Trustee's Sale, the Deed of Trust, the Uniform Residential Loan Application, and the Truth in Lending Disclosure Statement in their Motion. Defs' Motion 4:20-28.  Accordingly, the court will consider these documents in deciding Defendants' Motion.[2]

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Id.  Accordingly, a court should grant leave to amend

---

[2] Because the court will consider these documents as part of Defendants' 12(b)(6) Motion, the court will not consider Defendants' alternative motion for summary judgment.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (finding that a 12(b)(6) motion is not converted into one for summary judgment when a court chooses to consider documents included as part of the complaint).

the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

   A.   Fraud

   Plaintiff alleges that IndyMac fraudulently "switched the bargain" in finalizing the loan transaction, increasing the interest rate on the loan and obligating a pre-payment penalty where no such penalty previously existed.

   "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b). A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)) (internal quotation marks omitted).

   While Plaintiff has pleaded fraud's requisite elements of misrepresentation, general knowledge, reliance, and resulting damage, the Complaint fails to allege any intent to defraud on the part of Defendant IndyMac. The accusation that Defendant IndyMac "baited" Plaintiff with an attractive offer and then "switched the bargain" is no more than a legal conclusion.

   Accordingly, the court grants Defendants' Motion to dismiss Plaintiff's fraud claim with leave to amend.

   B.   Negligence

   In his negligence claim, Plaintiff contends that "no one

1  can collect on a Note or Foreclose on that Note's security . . .
2  unless they can produce the Original Note." Pls' Compl. 13:17-19.
3  Plaintiff cites no law in support of this statement.
4       Under California law, the "[p]roduction of the original
5  note is not required to proceed with a non-judicial foreclosure."
6  Putkkuri v. Recontrust Co., No. 08-1919, 2009 WL 32567, at 2 (S.D.
7  Cal. Jan. 5, 2009) (citing, inter alia, Cal. Civ. Code §
8  2924(a)(1)); accord Pagtalunan v. Reunion Mortgage Inc., No. 09-
9  162, 2009 WL 961995, at 2 (N.D. Cal. Apr. 8, 2009) ("California
10 law does not require possession of the note as a precondition to
11 non-judicial foreclosure under a deed of trust . . . ."). See
12 also California Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432,
13 434-35 (1935) (failure of a lender to deliver the trust deed and
14 the note to the trustee is not sufficient to invalidate a
15 trustee's sale).
16      Accordingly, the court grants Defendants' Motion to
17 dismiss Plaintiff's negligence claim without leave to amend.
18   C.   Failure of Statutory Duty
19      Plaintiff brings three claims based on state statutory
20 law under the heading of a negligence per se cause of action. The
21 first claim is brought under Cal. Civ. Code §§ 2924, et seq.
22 Plaintiff alleges that Defendants "do not possess an Original
23 Promissory Note . . . ." Pls' Compl. 5:6-9. This claim is
24 dismissed without leave to amend for the reasons set forth
25 previously in response to Plaintiff's negligence claim. See supra
26 pp. 6-7.
27      The second claim alleges a failure to comply with the
28 disclosure requirements of Cal. Civ. Code § 2923.5. This statute

6

1  requires a "mortgagee, beneficiary, or authorized agent [to]
2  contact the borrower in person or by telephone" thirty days prior
3  to filing a notice of default to discuss the situation and
4  contemplate options to avoid foreclosure.  Cal. Civ. Code §§
5  2923.5(a)(1)-(2).  Plaintiff fails to allege that he was not
6  contacted by Defendants.  As such, Plaintiff fails to state a
7  legal claim and therefore Defendants' Motion with respect to Cal.
8  Civ. Code § 2923.5 is granted with leave to amend.

9       Plaintiff's third claim, pursuant to Cal. Fin. Code §
10 4973(f)(1), alleges both a misrepresentation of Plaintiff's
11 monthly income resulting in a loan that Plaintiff could not afford
12 and also a failure to offer a three-day rescission period for the
13 loan.  In order to make a claim under Cal. Fin. Code § 4973,
14 however, a plaintiff must allege facts that establish that the
15 subject loan qualifies as a "covered loan" pursuant to Cal. Fin.
16 Code § 4970(b).  Plaintiff alleges no such facts here.
17 Accordingly, Defendants' Motion with regard to this claim is
18 granted with leave to amend.

19     D.   HOEPA

20       Damage claims pursuant to HOEPA must be brought "within
21 one year from the date of the occurrence of the violation."  15
22 U.S.C. § 1640(e); In re Wentz, 393 B.R. 545, 552 (Bkrtcy S.D. Ohio
23 2008).  Over one year passed between the loan transaction, the
24 source of the alleged violations, on June 26, 2007, Pls' Compl.
25 3:25-27, and the filing of Plaintiff's Complaint on March 27,
26 2009.  Accordingly, Plaintiff's HOEPA claim is time barred and
27 Defendants' Motion with regards to the HOEPA claim is granted
28 without leave to amend.

7

E.  RESPA

Plaintiff alleges two violations of RESPA. First, Defendants allegedly "obligated" a pre-payment penalty in violation of 12 U.S.C. § 2607. Pls' Compl. 11:23-26. Second, Defendants allegedly failed to respond to Plaintiff's QWR made pursuant to 12 U.S.C. § 2605(e).

"[I]n the case of a violation of section 2607," a plaintiff must bring an action within "1 year . . . from the date of the occurrence of the violation . . . ." 12 U.S.C. § 2614. Given that Plaintiff filed this action over a year after the alleged pre-payment disclosure violation, Plaintiff's claim under 12 U.S.C. § 2607 is time barred and Defendants' Motion to dismiss this claim is granted without leave to amend.

Upon receipt of a QWR, which shall include "the name and account of the borrower" and "a statement of the reasons for the belief of the borrower . . . that the account is in error," a loan servicer must provide the borrower with a written explanation of the actions taken in response to the request. 12 U.S.C. § 2605(e). Plaintiff's letter to Defendants, Pls' Compl. Exh. D., states Plaintiff's name, account number, and request for changes to his account. Moreover, Plaintiff's allegation that Defendants did not respond to his QWR is plausible. Finally, Defendants fail to address this claim in their Motion to Dismiss. Accordingly, Defendants' Motion to dismiss Plaintiff's 12 U.S.C. § 2605 claim is denied.

F.  TILA

Claims under TILA are time barred one year after the

1  alleged violation occurs.  15 U.S.C. § 1640(e); In re Wentz, 393
2  B.R. 545, 552 (Bkrtcy S.D. Ohio 2008).  Over one year passed
3  between the loan transaction, the source of the alleged
4  violations, on June 26, 2007, Pls' Compl. 3:25-27, and the filing
5  of Plaintiff's Complaint on March 27, 2009.  Accordingly,
6  Plaintiff's TILA claim is time barred and Defendants' Motion with
7  regards to the TILA claim is granted without leave to amend.
8         G.   Quiet Title and Injunctive Relief
9              "[A] mortgagor cannot quiet his title against the
10 mortgagee without paying the debt secured."  Shimpones v.
11 Stickney, 219 Cal. 637, 649 (1934).  Moreover, "it is appropriate
12 to deny an injunction where there is no showing of reasonable
13 probability of success, even though the foreclosure will create
14 irreparable harm, because there is no justification in delaying
15 that harm where, although irreparable, it is also inevitable."
16 Jessen v. Keystone Savings & Loan Ass'n., 142 Cal. App. 3d 454,
17 459 (1983).  Plaintiff has not paid the debt secured on his loan,
18 nor has he shown a reasonable probability of success on the
19 merits.  Accordingly, Defendants' Motion to dismiss the claims
20 regarding quiet title and injunctive relief is granted without
21 leave to amend.
22        H.   Lis Pendens
23             Defendants also move to expunge the Notice of Pendency of
24 Action.  Defs' Motion 21:26-22:11.  Pursuant to Cal. Civ. Proc. §
25 405.32, "the court shall order that the notice be expunged if the
26 court finds that the claimant has not established by a
27 preponderance of the evidence the probable validity of the real
28 property claim."  Section 405.3 defines "[p]robable validity" as

1 "more likely than not that the claimant will obtain a judgment
2 against the defendant on the claim." Plaintiff fails to meet this
3 standard. The court has dismissed all but one of Plaintiff's
4 claims and Plaintiff has not established the probable validity of
5 his remaining RESPA claim. Furthermore, even if Plaintiff
6 succeeded on his RESPA claim, it would not affect the validity of
7 sale. See 12 U.S.C. § 2615 ("Nothing in [RESPA] shall affect the
8 validity or enforceability of any sale or contract for the sale of
9 real property or any loan, loan agreement, mortgage, or lien made
10 or arising in connection with a federally related mortgage loan.")
11 Accordingly, Defendants' Motion to Expunge the Notice of Pendency
12 of Action is granted.

### III.   ORDER

14   For the reasons set forth above, Defendants' Motion is GRANTED
15 with respect to Plaintiff's claims of fraud, negligence, quiet
16 title, injunctive relief, and lis pendens as well as with respect
17 Plaintiff's claims of violations of Cal. Civ. Code § 2924, Cal.
18 Civ. Code § 2923.5, Cal. Fin. Code § 4973, HOEPA, and TILA.
19 Defendants' Motion is GRANTED in part and DENIED in part with
20 respect to Plaintiff's RESPA claims.
21   Plaintiff has thirty days from the date of this Order to file
22 an amended complaint consistent with this Order.
23   IT IS SO ORDERED.
24   Dated:  July 17, 2009

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE